HENDRY, Judge.
Plaintiff instituted suit in equity seeking rescission of a stock purchase agreement with the defendant or in the alternative claiming damages for the defendant’s breach of the agreement. Defendant answered the complaint and counter-claimed seeking, inter alia, the equitable relief of a lien upon the stock.
Defendant moved to dismiss the complaint, or in the alternative, to transfer the cause from equity to the law side of the court because the complaint was not cognizable in equity. Both of these motions were denied, the case proceeded to final hearing, subsequent to which the chancellor awarded plaintiff damages in the amount requested. The defendant appeals assigning as error the lower cpurt’s failure to transfer the cause to the law side, and thereby afford him an opportunity to have a jury, rather than the judge, resolve the factual issues.
 The trial court should not defeat a party’s right to jury trial by characterizing as equitable a legal cause of action. By the same token, the jurisdiction of equity may not be divested by the party seeking its assistance.[1]
The defendant, in her counterclaim, sought to invoke the equitable jurisdiction of the court by the imposition of a lien upon certain stock certificates then claimed to have been in her possession.[2] By so doing, she waived her right to object to the jurisdiction of the equity court to assess the plaintiff’s damages.[3]
Accordingly, the trial court correctly denied the defendant’s motion to transfer the cause from the equity side of the court to the law side. The judgment appealed is affirmed.
Affirmed.

. Ganaway v. Henderson, Fla.App.1958, 103 So.2d 693.

. 21 Fla..Tur. Liens, § 35.

. Note 1, supra.