BARKDULL, Chief Judge.
This interlocutory appeal presents for review the correctness of an order of the chancellor denying the appellant’s motion for leave to amend his answer and/or file a counterclaim.
The record on appeal reveals that the appellee instituted the action in the trial court, seeking a declaration of rights relative to the extent of coverage under an insurance policy and a temporary injunction to enjoin an arbitration proceeding. The proposed amended answer and/or counterclaim would have put in issue the extent of liability in the event the chancellor should determine that there was coverage. It appears that under the decisions of the court in Cruger v. Allstate Insurance Company, Fla.App. 1964, 162 So.2d 690, and in Zeagler v. Commercial Union Insurance Co. of New York, Fla.App.1964, 166 So.2d 616, the proposed amendment to the answer and/or counterclaim should be permitted.
*318 The appellee urges that to permit such an amendment would be an impairment of the insurance contract, contrary to the provisions of the Declaration of Rights of the Florida Constitution and the United States Constitution. We reject this contention of the appellee for two reasons. First, it instituted the chancery proceedings and, second, once equity takes jurisdiction it will dispose of an entire ■controversy. See: Fink v. Bluestein, Fla.App.1964, 169 So.2d 335 (opinion filed December 1, 1964); 12 Fla.Jur., Equity, § 43, and cases cited thereunder.
Therefore, for the reasons above expressed, the order here under review is reversed with directions to permit the appellant to file an amended answer and/or «counterclaim.
Reversed and remanded with directions.