431 So.2d 623 (1983)
Donald STONE and Mary Stone, His Wife, Appellants,
v.
VENETIAN ISLES HOMEOWNERS ASSOCIATION, INC., a Florida Corporation Not for Profit, Appellee.
No. 82-1835.
District Court of Appeal of Florida, Second District.
April 13, 1983.
Rehearing Denied May 23, 1983.
Daniel B. Schuh of Schuh & Schuh, St. Petersburg, for appellants.
John E. Karvonen of Piper, Esteva, Karvonen & Lewis, St. Petersburg, for appellee.
LEHAN, Judge.
Venetian Isles Homeowners Association sued Donald and Mary Stone to enforce certain restrictive covenants on property owned by the Stones. The Stones answered and filed affirmative defenses asserting the invalidity of the restrictions. The Stones also filed an amended counterpetition asking to have the restrictions declared invalid. The amended counterpetition was dismissed with prejudice, and the Stones appealed. The association's original claim remains pending. We dismiss this appeal as untimely.
The Stones purchased their property on March 13, 1969, subject to a set of property restrictions for the subdivision development where the property was located. The restrictions had been placed of record on March 3, 1969 and were designated as covenants running with the land until January 1, 1999, unless sooner modified or terminated. The covenants included a provision that the developer, or its successor or assigns, could modify the restrictions in any block if two-thirds of the owners in the block consented and if certain other circumstances existed. The covenants also provided that the developer could assign its authority and rights under the restrictions to a committee or association of resident owners. Appellee Association claims the authority to enforce the property restrictions because of an assignment from the developer to the association.
The Venetian Isles subdivision was developed in sections, each with a set of restrictions similar to those on other sections. When the subdivision was substantially completed, a purported two-thirds majority of all homeowners voted to consolidate, amend, and enlarge the original separate restrictions. New restrictions were recorded on January 2, 1978. The restriction that Venetian Isles is seeking to enforce against the Stones is one of the new restrictions and concerns the height of shrubbery on the property.
The Stones' affirmative defenses allege that the restrictions in question should not be enforced against them because, among *624 other things, (1) the association lacks standing to enforce the restrictions due to an ineffective assignment of authority, (2) the restrictions are invalid because two-thirds of the homeowners did not vote for them, and (3) the covenants unreasonably restrict alienation of the property. The Stones' amended counterpetition asked for damages and an injunction against enforcement of any of the restrictions for reasons which are given in their affirmative defenses.
We dismiss, sua sponte, the Stones' appeal from the order dismissing their amended counterpetition because that order is nonappealable at this time. As the Florida Supreme Court stated in S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla. 1974),
Piecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit... . Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause... .
In the instant case, the counterpetition and the main claim involve the same transaction  the restrictive covenants. The counterpetition and the main claim are interrelated in that the viability of each depends upon whether or not the restrictions are valid. The facts in this case especially call for a dismissal of this appeal because the grounds for the counterpetition are the same grounds as those of the affirmative defenses to the main claim.
Appeal from the order dismissing the counterclaim may be proper upon plenary appeal of the entire case. As the supreme court said in S.L.T., "[t]he litigation between the parties is still pending in the trial court and the error vel non of the order in question can be reviewed on appeal from the final judgment...." Id. at 99.
APPEAL DISMISSED.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.