ALTENBERND, Judge.
Ramp International appeals an order dismissing its four-count counterclaim with prejudice. We conclude that we have jurisdiction at this time to review the order to the extent that it dismisses a permissive counterclaim. We affirm the dismissal of count IV of the counterclaim and dismiss the remainder of this appeal.
Oshkosh Truck Corporation (Oshkosh) sued Ramp International (Ramp) for breach of contract because Ramp allegedly failed to pay $244,000 for 77 specially manufactured ramps. Oshkosh filed the complaint in January 1992. After several substitutions of counsel, Ramp filed an answer and counterclaim in August. In March 1993, Ramp’s attorneys were again permitted to withdraw. No attorney appeared on April 21, 1993, to represent Ramp at a properly noticed hearing on Oshkosh’s motion to dismiss the counterclaim for failure to state a cause of action. The trial court entered an order on May 7, 1993, dismissing the counterclaim and providing twenty days for the filing of an amended counterclaim.
On May 27, 1993, Ramp’s corporate president, without the assistance of an attorney, filed a document described as a motion for extension of time. This unauthorized document requested an additional thirty days in which to obtain counsel and file an amended counterclaim. Oshkosh responded with a motion to dismiss the counterclaim with prejudice.
More than thirty days later, on July 12, the trial court held a properly scheduled hearing on Oshkosh’s motion to dismiss. By the date of that hearing, no attorney had filed an appearance, much less an amended counterclaim, on behalf of Ramp. No one appeared at the hearing on behalf of Ramp. The trial court entered an order finding Ramp to be in willful disobedience of its earlier orders and dismissed the counterclaim with prejudice. A few days later, an attorney appeared for Ramp and requested rehearing, explaining that the attorney had attempted to appear telephonieally for the hearing and had failed to attend due to problems with his telephone service. The trial court denied the motion for rehearing, and Ramp appealed to this court. The case remains pending in the trial court on the initial complaint and Ramp’s affirmative defenses.
Oshkosh argues that the order dismissing the counterclaim is not appealable at this time because it is an order dismissing a compulsory counterclaim. City of Haines City v. Allen, 509 So.2d 982 (Fla. 2d DCA 1987). Because the initial counterclaim failed to state a cause of action, it is somewhat difficult to decide whether it alleged a compulsory or a permissive counterclaim. Although the first three counts of that counterclaim appear to be compulsory, we conclude that count IV of the counterclaim is permissive. Thus, we dismiss the appeal except as to count IV. See Sarasota Cloth Fabric & Foam v. Benes, 482 So.2d 574 (Fla. 5th DCA 1986).
We conclude that the trial court had discretion to dismiss count IV with prejudice. This is not a case ■ in which the client is *217 sanctioned for the misconduct of counsel. Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993). Between January 1992 and June 30, 1993, Ramp had ample time to locate an attorney willing to file a counterclaim on its behalf. After its attorney moved to withdraw in March 1993, it had several months to obtain representation. Although ordered to file an amended complaint before the end of May, Ramp did not even comply with its own unauthorized deadline at the end of June. The trial court was well within its discretion to conclude that Ramp was in willful disobedience of its earlier order and to dismiss count IV of the counterclaim with prejudice. See Johnson v. Landmark First Nat’l Bank, 415 So.2d 161 (Fla. 4th DCA 1982); Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321 (Fla. 4th DCA), cert. denied, 362 So.2d 1051 (Fla.1978); Neida’s Boutique v. Gabor & Co., 348 So.2d 1196 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 883 (Fla.1978).
Affirmed in part, dismissed in part.
SCHOONOVER, A.C.J., and BLUE, J., concur.