918 So.2d 393 (2006)
MASSACHUSETTS LIFE INSURANCE COMPANY, and Florida Conference Center Associates, Inc., Appellants,
v.
Ed CRAPO, Alachua County Property Appraiser; Von Fraser, Alachua County Tax Collector; and James Zingale, as Executive Director of Florida, Department of Revenue, Appellees.
No. 1D05-5135.
District Court of Appeal of Florida, First District.
January 17, 2006.
*394 Lorence Jon Bielby, Greenberg Traurig, P.A., Tallahassee; Elliot B. Kula and Benjamin L. Reiss, Greenberg Traurig, Miami, for Appellants.
Elizabeth Waratuke, Office of City Attorney, Gainesville; Mark T. Aliff, Assistant Attorney General, Tallahassee; William E. Harlan, Office of County Attorney, Gainesville, for Appellees.
PER CURIAM.
In this appeal, filed by Massachusetts Life Insurance Company and Florida Conference Center Associates, Inc., the appellants seek review of an Order Dismissing Count III of Plaintiffs' Complaint with Prejudice, entered on October 4, 2005. This is not an appealable partial final judgment under rule 9.110(k), Florida Rules of Appellate Procedure. "The test to determine whether counts of a multicount complaint are interrelated, so as to preclude a piecemeal appeal, is whether the counts arise from a set of common facts or a single transaction, not whether different legal theories or additional facts are involved in separate counts." Lemon v. Groninger, 708 So.2d 1025, 1027 (Fla. 5th DCA 1998). The "analysis in each case hinges on whether there is a factual and legal overlap between claims." Northcutt v. Pathway Financial, 555 So.2d 368, 369 (Fla. 3d DCA 1989). The dismissed Count III of the complaint asserted equitable estoppel to avoid ad valorem taxes on the improvements on certain property. Similarly, Counts I and II raised constitutional challenges to the same ad valorem taxes on the same property. Count IV sought a continuing injunction against the imposition of ad valorem taxes on the same property in the future. Because the remaining claims overlap and are interrelated with the claim disposed of by the order on appeal, this appeal is premature.
DISMISSED.
ERVIN, BENTON and LEWIS, JJ., concur.