948 So.2d 981 (2007)
Everett W. IRVINE, IV, Appellant,
v.
T. SOUTHWOOD 1295, INC., a Florida Corporation, Appellee.
No. 1D06-5299.
District Court of Appeal of Florida, First District.
February 21, 2007.
W. Bradley Munroe of W. Bradley Munroe, P.A., Tallahassee, for Appellant.
Kelly Overstreet Johnson of Broad and Cassel, Tallahassee, and Stephen A. Pitre of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellee.
PER CURIAM.
Having considered the appellant's response to this Court's order to show cause, the Court has determined that the instant appeal is premature. The order on appeal is neither a final order nor an appealable partial final order as argued by the appellant. Accordingly, the appeal is hereby DISMISSED for lack of jurisdiction. All pending motions are hereby denied as moot.
The appellant filed this appeal seeking review of an order labeled a "Final Judgment," which entered judgment on a counterclaim to quiet title and determined that the counterclaim of slander of title was thereby rendered moot. However, the partition action that had initiated this case has not been resolved. Therefore, this order is not a final order. See Caufield v. Cantele, 837 So.2d 371, 375 (Fla. 2002) (reaffirming the traditional test for finality requiring that "no further action by the court will be necessary"). Further, the order is not appealable as a partial final judgment pursuant to Florida Rule of Appellate Procedure 9.110(k) because the remaining claim is related to the claims disposed of by the instant order. See Massachusetts Life Ins. Co. v. Crapo, 918 So.2d 393 (Fla. 1st DCA 2006). The overlap *983 between the pending partition action and the quiet title and slander of title actions includes the factual determinations as to the validity of certain deeds and the respective interests of the parties in the real property at issue. Although the appellant argued that these issues are not unresolved, and therefore should not prevent the Court from finding jurisdiction, the test is whether the claims arise out of a common set of facts and not whether the factual issues themselves have been resolved in the nonfinal order on appeal.
DISMISSED.
ALLEN, PADOVANO, and LEWIS, JJ., concur.