PER CURIAM.
Upon consideration of the appellants’ response, this appeal is hereby DISMISSED as premature. See Polk County v. Sofka, 702 So.2d 1243 (Fla.1997) (quashing decision of the appellate court because it lacked jurisdiction even though the stipulated final judgment had incorporated a settlement agreement, which expressly provided for jurisdiction in the appellate court); Lovett v. City of Jacksonville Beach, 187 So.2d 96, 99 (Fla. 1 st DCA 1966) (stating appellate court jurisdiction “cannot be conferred by stipulation or endowed by action of the court”); Irvine v. T. Southwood 1295, Inc., 948 So.2d 981 (Fla. 1st DCA 2007); Mass. Life Ins. Co. v. Crapo, 918 So.2d 393 (Fla. 1st DCA 2006) (holding pending claims are interrelated and the order is not immediately appealable partial final judgment even if different legal theories or additional facts are involved in the separate counts).
ALLEN, WOLF, and LEWIS, JJ., concur.