966 So.2d 1021 (2007)
William R. DEMPSEY, Linda S. Dempsey, f/k/a Linda S. Stillman, and Gigi Dempsey, Appellants,
v.
Philip Lee RUSSELL d/b/a Russell Home Builders, and Michael Quinn Sarra d/b/a All Seasons Service Network, Appellees.
No. 1D06-6360.
District Court of Appeal of Florida, First District.
October 19, 2007.
Lisa S. Minshew, Pensacola, for Appellants.
Angela C. Flowers of Kubicki Draper, Ocala, and George W. Hatch, III, of Kubicki Draper, Tallahassee, for Appellee Philip Lee Russell d/b/a Russell Home Builders.
L.L. Roane, III, of Schofield, Wade, Roane & Shoemaker, Pensacola, for Appellee Michael Quinn Sarra d/b/a All Seasons Service Network.
PER CURIAM.
Because the order under review here is not a final order and is not appealable as a partial final judgment, we dismiss this appeal for lack of jurisdiction.
Although the trial court's order purports to be a final judgment in favor of Appellees, the order granting summary judgment, upon which the purported final judgment is based, does not rule on Appellee Phillip Russell's (Russell) motion for summary judgment on his counterclaim. *1022 In addition, it denies Appellees' motion for summary judgment on Count X of Appellants' complaint. An order which fails to rule on a counterclaim and denies summary judgment on one count is not a final order, regardless of its title, because it does not bring all judicial labor to an end. See McGurn v. Scott, 596 So.2d 1042, 1043 (Fla.1992) ("[A] judgment attains the degree of finality necessary to support an appeal when it adjudicates the merits of the cause and disposes of the action between the parties, leaving no judicial labor to be done except the execution of the judgement.") (citing Gore v. Hansen, 59 So.2d 538 (Fla.1952)).
Further, we reject Appellants' argument that this order is appealable under rule 9.110(k), Florida Rules of Appellate Procedure, permitting review of partial final judgments when the remaining claims are separate and distinct from the claims upon which the trial court granted summary judgment. See Raymond James & Assocs., Inc. v. Godshall, 851 So.2d 879, 880 (Fla. 1st DCA 2003) ("[A] partial final judgment is appealable as a final order when `the judgment . . . adjudicates a distinct and severable cause of action, not interrelated with remaining claims pending in the trial court.'") (quoting S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla. 1974)). The test for deciding whether separate claims in a single complaint are interrelated is whether the counts arise from a set of common facts or a single transaction, not whether different legal theories or additional facts are involved in separate counts. Mass. Life Ins. Co. v. Crapo, 918 So.2d 393, 394 (Fla. 1st DCA 2006).
Here, Count X is a personal injury claim on behalf of Appellants' child and is based on Appellees' allegedly negligent installation of an air conditioning unit in the child's bedroom. The claims for which the trial court granted summary judgment in favor of Appellees include an allegation that Appellees failed to properly install and seal the air conditioning unit, and two of the counts allege that Appellants' child suffered injuries as a result of the allegedly defective installation. Thus, regardless of the fact that these claims present different legal theories, both the counts upon which Appellees have already prevailed and the remaining count are based on a common set of facts and are interrelated.
Additionally, Russell's counterclaim alleges that Appellants breached the residential sales agreement by failing to pay all money owed under it. Appellants' complaint involves numerous allegations that Russell breached the agreement by improperly constructing their home. Russell's counterclaim is clearly interrelated to the claims upon which Russell has already prevailed, as it involves the same contract.
Because Count X and Russell's counterclaim are not separate and distinct, the order under review is not appealable as a partial final judgment. Accordingly, we dismiss this appeal for lack of jurisdiction.
BARFIELD, BENTON and THOMAS, JJ., concur.