985 So.2d 1218 (2008)
Steven E. JENSEN and Cynthia I. Jensen, Appellant,
v.
Jack WHETSTINE and The House that Jack Built of P.C., Inc., Appellee.
No. 1D08-0066.
District Court of Appeal of Florida, First District.
July 15, 2008.
*1219 Mark D. Dreyer, Panama City, for Appellant.
Jacalyn Kolk, Panama City, and Albert C. Penson and Donna S. Biggins, of Penson and Padgett, Tallahassee, for Appellee.
PER CURIAM.
The appellants filed this appeal seeking review of a "Final Order of Summary Judgment" that had granted summary judgment and entered judgment against the appellants with language of finality "as to their countersuit against Jack Whetstine." The appellee, Jack Whetstine, filed a motion to dismiss this appeal as premature because the claim dismissed by the order on appeal involves the same parties and is based on the same transaction and the same underlying facts as the claims that remain pending. Because we agree that the remaining claim for libel and slander is related to the dismissed claim for fraudulent misrepresentation we grant the motion.
In 2002 Steven and Cynthia Jensen ("Jensens") entered into a contract with The House That Jack Built of PC, Inc. ("House"), for the construction of a residence for the Jensens. Jack Whetstine ("Whetstine") is the president of House. Several stages of the construction were completed and payments were made therefore. The Jensens moved into the residence before all final draw payments had been made and subsequently became unsatisfied with the residence as built. The Jensens filed complaints with the Bay County Building Department and delivered a letter to the Better Business Bureau complaining about the business practices of House and Whetstine that the Jensens alleged occurred during the contract negotiations and the construction of the residence.
House and Whetstine brought an action against the Jensens for the remaining unpaid *1220 payments, as well as, a count for libel and slander due to the Building Department complaint and the letter to the Better Business Bureau. In their complaint, House and Whetstine also alleged that the Jensens had published and circulated letters concerning plaintiffs' business practices and spread rumors that Whetstine had been blacklisted and no one should deal with them. The Jensens filed a four-count counterclaim against House and Whetstine alleging fraud, breach of contract, breach of warranty, and fraudulent lien. The only counterclaim that was brought against Whetstine was the claim alleging fraud. In this count, the Jensens alleged that during contract negotiations, and later during the construction of the residence, Whetstine engaged in fraudulent business practices. The trial court entered summary judgment against the Jensens on this claim, leaving the remaining claims and counterclaims pending. The Jensens brought this appeal seeking review of the order entering summary judgment. Whetstine filed a motion to dismiss this appeal as premature arguing that the remaining claims are related to the claim disposed of in the order on appeal.
If an order does not finally end the judicial labor required in a case, "piecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit." S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974). However, these standards are relaxed and a partial judgment is appealable as a final order under Florida Rule of Appellate Procedure 9.110(k) when the judgment resolves a distinct and severable cause of action, i.e., the remaining claims do not arise from a set of common facts or a single transaction. See Pace v. Waste Mgmt., Inc., 855 So.2d 1239 (Fla. 1st DCA 2003); Croteau v. Operator Service Co., 721 So.2d 386, 387 (Fla. 4th DCA 1998) (providing test for determining "severable distinct causes of action" appealable under Mendez v. West Flagler Family Ass'n., 303 So.2d 1 (Fla.1974)). The purpose of the rule was to avoid the procedural trap created by Mendez v. West Flagler Family Ass'n., 303 So.2d 1 (Fla.1974), wherein the court held that an order disposing of a separate and distinct cause of action was immediately appealable as a final order. See Bay & Gulf Laundry Equip. Co., Inc. v. Chateau Tower, Inc., 484 So.2d 615, 616 (Fla. 2d DCA 1985). Under Mendez, an order disposing of a separate and distinct cause of action had to be immediately appealed or the right to appeal was lost. Id. The rule makes these orders also appealable at the end of the case; it does not expand the class of orders that are immediately appealable. Id. An order is not an appealable partial final order where there is a factual overlap between the pending claims and the claims resolved by the order. Mass. Life Ins. Co. v. Crapo, 918 So.2d 393 (Fla. 1st DCA 2006). Because the resolution of a related claim generally requires that the common facts have been determined by the trial court, the test is "not whether the factual issues themselves have been resolved in the non-final order on appeal." Irvine v. T. Southwood 1295, Inc., 948 So.2d 981, 983 (Fla. 1st DCA 2007).
The order on appeal is not a partial final judgment appealable pursuant to Rule 9.110(k) because there is a factual overlap between the claim resolved by the order and a pending claim. The pending claim for defamation involves the facts related to the truth of certain statements about the appellees. The statements at issue concern the appellants' experiences with the appellees before and during the building process and the resulting residence *1221 that was built by the appellees. The appellants' fraud claim against the appellees also concerns appellants' experiences with the appellees before and during the building process, as well as whether the appellees' construction of the appellants' residence was deficient. Because both of these claims involve the same factual issues about the business practices of House and Whetstine leading to the construction contract and the actual construction of the residence, they are factually interrelated and the order on appeal does not dispose of a distinct cause of action as contemplated by Rule 9.110(k) and S.L.T. Warehouse Co.
DISMISSED.
BARFIELD, PADOVANO and VAN NORTWICK, JJ., concur.