# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-61
Lower Tribunal No. 21-8880
_____

**Colby III, Inc.,**
Appellant,

vs.

**Centennial Westland Mall Partners, LLC,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Victor K. Rones P.A., Victor K. Rones, and Jeremy Rones, for appellant.

Polsinelli PC, and Henry H. Bolz IV, for appellee.

Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

In this commercial eviction dispute, appellant, Colby III, Inc., challenges a final default judgment awarding damages to appellee, Centennial Westland Mall Partners, LLC. Colby contends the rendition of a self-styled final judgment of eviction some four months before the entry of the order on appeal divested the trial court of jurisdiction to award damages. Reiterating the familiar principle that finality is determined not by the title of a given order but by the content and substance, we affirm. See IndyMac Fed. Bank FSB v. Hagan, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012).

## BACKGROUND

On April 14, 2021, Centennial's predecessor in interest, Westland Mall, LLC, filed a hybrid complaint against Colby. The first count sounded in eviction, while the second sought the recovery of breach of lease damages.[1] Despite an extension of time, Colby failed to respond to the complaint or deposit monies in the registry of the court.

Centennial was substituted as party plaintiff and filed a Motion for Default Final Judgment of Commercial Eviction on Count I and for Issuance of Immediate Writ of Possession. On September 1, 2022, the trial court executed an order entitled Final Judgment of Eviction and Writ of Possession. The order reflected a Summary Reporting System ("SRS")

---

[1] The third count of the complaint sought damages from three guarantors.

closure stamp. The stamp bore the initials of the judge and contained the following language: "The court dismisses this case against any party not listed in this final order or previous order(s). This case is closed as to all parties." Several months later, Centennial moved for a default judgment as to damages. The trial court granted the motion, and the instant appeal ensued.

## STANDARD OF REVIEW

This appeal implicates a purely legal issue. Thus, we conduct a de novo review. <u>Graves v. State</u>, 331 So. 3d 210, 212 (Fla. 4th DCA 2022).

## ANALYSIS

"The rule is firmly established in this [s]tate that the trial [c]ourt loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing [a] petition for rehearing or motion for new trial has expired or same has been denied." <u>Gen. Cap. Corp. v. Tel Serv. Co.</u>, 212 So. 2d 369, 382 (Fla. 2d DCA 1968). There are of course several well-entrenched exceptions, none of which are applicable to this case. <u>See</u> Fla. R. Civ. P. 1.540 (relief from judgment, decrees, or orders); <u>see also</u> Fla. R. Civ. P. 1.530 (motions for new trial and rehearing; amendments of judgments; remittitur or additur).

3

In deciding whether an order constitutes a final judgment, we look not to the title. Instead, we review the content and substance to discern whether the order fully and finally determines the rights of the parties involved in the lawsuit. See, e.g., George Vining & Sons, Inc. v. Jones, 498 So. 2d 695, 697 (Fla. 5th DCA 1986) ("We now dismiss this appeal because, notwithstanding its title, the 'final judgment on stipulation' is in fact, in law, and in substance, not final, not a judgment, and is not valid."); see also Cordero v. Wash. Mut. Bank, 241 So. 3d 967, 968 (Fla. 3d DCA 2018) ("Notwithstanding its title, the motion was in substance nothing more than a reconstituted attack on the underlying final judgment."). In this quest, the inquiry focuses on whether "the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement of the decree if necessary." Hoffman v. Hall, 817 So. 2d 1057, 1058 (Fla. 1st DCA 2002). When further judicial labor remains, an order is nonfinal, and the court retains jurisdiction to adjudicate the unresolved issues. See S. L. T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974).

Here, while perhaps more suitably labeled a partial final judgment, the Final Judgment of Eviction and Writ of Possession did not purport to adjudicate the complaint in its entirety. As evidenced by both the initial motion for default and the content of the ensuing judgment, the court only

4

disposed of the first count of the complaint. This left the second count, the claim for damages, ripe for further judicial labor. See Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 561 (Fla. 3d DCA 2015); Irvine v. T. Southwood 1295, Inc., 948 So. 2d 981, 982 (Fla. 1st DCA 2007).

The inclusion of the SRS stamp on the face of the judgment does not alter this conclusion. We recently explained in Coral Gables Imports, Inc. v. Suarez, 306 So. 3d 348 (Fla. 3d DCA 2020), that affixing the SRS stamp to an order is a purely ministerial function. Id. at 351. Consequently, "the clerical designation of the document . . . and the closure stamp [do] not operate to convert [an] otherwise nonfinal order into a final order." Id. Accordingly, we conclude there was no jurisdictional impediment to awarding damages, and we affirm the final judgment under review.

Affirmed.