# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-0703
Lower Tribunal No. 2022-CA-000057

_____

CHRISTOPHER LUSBY, DEBORAH LUSBY, and DONALD LUSBY,

Appellants,

v.

CARL M. CANEVARI and C. GENE CANEVARI,

Appellees.

_____

Appeal from the Circuit Court for Highlands County.
Peter F. Estrada, Judge.

June 6, 2025

PER CURIAM.

This is a case involving a dispute over an easement for ingress and egress across portions of property owned by Appellants, the Lusbys. Appellees, the Canevaris, filed a three-count amended complaint seeking: Count I, declaration of an express easement; Count II, injunctive relief precluding the Lusbys from interfering with their use of the easement; and Count III, alternatively, to establish a prescriptive easement.[1] The trial court granted summary judgment in favor of the

_____

[1] We previously reversed an order granting a temporary injunction in favor of the Canevaris. *Lusby v. Canevari*, 363 So. 3d 233 (Fla. 6th DCA 2023).

Canevaris on Counts I and II, declaring the existence of an express easement and permanently enjoining the Lusbys from interfering with the Canevaris' right to use the easement. The summary judgment order did not address Count III.

The Lusbys now bring the instant appeal challenging the trial court's determination that a portion of the easement had been moved by deed from its original location to the northern boundary of the subject property. However, because Count III remains pending in the trial court, the order granting summary judgment on Counts I and II is nonfinal and nonappealable. *See E. Ave., LLC v. Insignia Bank*, 136 So. 3d 659, 661 (Fla. 2d DCA 2014) (holding that when "factually and legally interrelated counts" remained pending in the circuit court, judgment was not final or appealable). Additionally, the Lusbys' two-count amended counterclaim for declaratory and injunctive relief arising out of the same dispute also remains pending below. *See Marinich v. Special Edition Custom Homes, LLC*, 1 So. 3d 1197, 1199 (Fla. 2d DCA 2009) ("Generally, the existence of a compulsory counterclaim will render a judgment on the original complaint nonfinal for appeal purposes.").[2]

DISMISSED.

TRAVER, C.J., and STARGEL and WOZNIAK, JJ., concur.

---

[2] "A compulsory counterclaim is 'a defendant's cause of action arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim.'" *Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 19 (Fla. 1992) (quoting *Yost v. Am. Nat'l Bank*, 570 So. 2d 350, 352 (Fla. 1st DCA 1990)).

Devin R. Maxwell, of Law Office of Devin Maxwell, Okeechobee, and Scott W. Zappolo, of Zappolo Law, P.A., Palm Beach Gardens, for Appellants.

William C. Davell and Jennifer H. Wahba, of Tripp Scott, P.A., Fort Lauderdale, for Appellees.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED