# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2537
Lower Tribunal No. 21-CA-446-P
_____

**Riley Love, et al.,**
Appellants,

vs.

**Florida Family Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Monroe County, James W. Morgan, III, Judge.

Josef Timlichman Law, PLLC, and Josef Timlichman (Hollywood), for appellants.

Banker Lopez Gassler, P.A., and Chris W. Altenbernd and Gabriella E. Lopez (Tampa) and Eleanor H. Sills (Tallahassee), for appellee.

Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

## ON MOTION TO DISMISS

Riley and Jill Love appeal an order denying their motion to set aside an appraisal award. The Loves seek review of this nonfinal order under Florida Rule of Appellate Procedure 9.130. But they have identified no provision of the rule that would allow an appeal. Rule 9.130(a)(3)(C)(iv) authorizes an appeal of a nonfinal order that determines "the entitlement of a party to an appraisal under an insurance policy." But the order granting entitlement to appraisal was entered in 2022 and could have been appealed then (and wasn't). See Certain Underwriters at Lloyd's, London v. Gables Court Condo. Ass'n, Inc., 357 So. 3d 759, 761 n.1 (Fla. 3d DCA 2023) (finding jurisdiction to review a nonfinal order compelling appraisal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv)). The rule does not separately authorize an appeal of a nonfinal order denying a motion to set aside an award subsequently entered.

And we cannot consider this a final, appealable order because a counterclaim for breach of contract remains pending that "rel[ies] on the same operative facts" as the petition to compel appraisal. Homeowners Choice Prop. & Cas. Ins. Co. v. Fraser, 346 So. 3d 228, 230 (Fla. 3d DCA 2022); see also Marinich v. Special Edition Custom Homes, LLC, 1 So. 3d 1197 (Fla. 2d DCA 2009) (dismissing an appeal for lack of jurisdiction because an interrelated counterclaim remained pending below). We

2

therefore grant the motion to dismiss as an appeal of a nonappealable, nonfinal order.

Motion to dismiss granted; appeal dismissed.