DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

CITY OF TAMPA,

Appellant,

v.

LIBERTY HOSPITALITY MANAGEMENT, LLC,

Appellee.

No. 2D2025-0069
———————————————

May 22, 2026

Appeal from the Circuit Court for Hillsborough County; Anne-Leigh Gaylord Moe, Judge.

Chance Lyman and Hala Sandridge of Buchanan, Ingersoll & Rooney, PC, Tampa; and Ursula D. Richardson and Toyin K. Aina-Hargrett of the City Attorney's Office, Tampa, for Appellant.

Eleanor H. Sills of Banker Lopez Gassler P.A., Tallahassee; and Chris W. Altenbernd of Banker Lopez Gassler P.A., Tampa, for Appellee.


SILBERMAN, Judge.

The City of Tampa (the City) appeals a partial final judgment entered in favor of Liberty Hospitality Management, LLC, on Count III of Liberty's amended complaint. We dismiss the appeal for lack of jurisdiction because Count III is legally and factually interrelated with Counts I and II, which remain pending.

In 2016, Liberty purchased property on Harbour Island after the Tampa City Council approved a rezoning request allowing it to use the property as a bank and as office space. Liberty later filed a second rezoning request proposing to build a hotel on the property and requesting modification of the Harbour Island Development of Regional Impact. The City Council denied the applications after holding a public, quasi-judicial hearing on the requests.

The denials led to two separate proceedings in the circuit court. In case #22-CA-005055 (the 2022 case), Liberty petitioned the circuit court for a writ of certiorari seeking review of the City Council's denials of its rezoning requests. In case #23-CA-001082 (the 2023 case), Liberty filed a complaint against the City seeking damages under section 70.001, Florida Statutes (2020), and asserting a claim for declaratory judgment based on reverse spot zoning.

The circuit court ultimately entered an order in the 2022 case dismissing Liberty's petition for writ of certiorari. The court determined that it lacked "subject matter jurisdiction to issue a writ of certiorari to the Tampa City Council." The City then filed with our court a petition for writ of mandamus seeking review of that dismissal order (the Mandamus Proceeding). *See City of Tampa v. Liberty Hosp. Mgmt., LLC*, 51 Fla. L. Weekly D419 (Fla. 2d DCA Mar. 6, 2026).

In the Mandamus Proceeding, the City argued that the circuit court erroneously determined that the court lacked subject matter jurisdiction to review the actions of the City Council. *Id.* at D420. This court agreed and concluded that the Tampa City Charter and section 166.041, Florida Statutes (2020), "both expressly provide that the City Council, as a legislative body, has the power to pass an ordinance on rezoning" and "expressly allow the City Council to conduct hearings as part of its

2

process in passing an ordinance." *Id.* at D421. We also determined that the circuit court's flawed reasoning led to the court's "misapplication of articles V and VIII" of the Florida Constitution. *Id.* at D420. As a result, we held that the circuit court improperly found that the City's quasi-judicial actions were ultra vires and granted a writ of mandamus. *Id.* at D421. We directed the circuit court to exercise its certiorari jurisdiction to review the City Council's rezoning decisions. *Id.*

After the circuit court dismissed Liberty's petition for writ of certiorari for lack of subject matter jurisdiction but prior to the initiation of the Mandamus Proceeding with our court, Liberty filed an amended complaint in the 2023 case adding another claim for declaratory relief. In this new claim (Count III), Liberty requested that the court find all actions of the City Council relating to the rezoning of the property void. Liberty moved for summary judgment on Count III based on the circuit court's prior order dismissing the 2022 case for lack of jurisdiction. The circuit court granted the motion, and in the partial final judgment on appeal in this case, the court fully incorporated its prior order dismissing Liberty's petition for writ of certiorari. In pertinent part, the court held: "As a matter of law, the Tampa Charter does not grant quasi-judicial authority to the City Council," and therefore, "the City Council lacked quasi-judicial power at the time any of these rezonings were resolved by quasi-judicial hearing." Thus, the circuit court concluded that the City Council's decisions on Liberty's rezoning applications were void as a matter of law.

Because the partial final judgment as to Count III fully incorporated and relied upon the findings and conclusions contained in the order dismissing Liberty's petition for writ of certiorari, our resolution of this appeal, if we were able to reach the merits, would necessarily turn

3

on the result reached in the Mandamus Proceeding. But, before reaching the merits of an appeal, "appellate courts have an independent responsibility in every case to determine whether we have jurisdiction." *DRJ Atl., LLC v. Babadi*, 392 So. 3d 1114, 1117 (Fla. 5th DCA 2024). And while the City and Liberty both argue that this court has jurisdiction over the partial final judgment under Florida Rule of Appellate Procedure 9.110(k), "the parties cannot stipulate to jurisdiction over the subject matter where none exists." *Polk County v. Sofka*, 702 So. 2d 1243, 1245 (Fla. 1997) (quoting *Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994)); *see also Page v. Deutsche Bank Tr. Co. Ams.*, 308 So. 3d 953, 960 (Fla. 2020) ("Subject-matter jurisdiction is universally acknowledged to never be waivable.").

Rule 9.110(k) allows for appellate review of partial final judgments "either on appeal from the partial final judgment or on appeal from the final judgment in the entire case." The rule provides that "[a] partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims." *Id.* This rule prevents piecemeal appeals "where claims are interrelated and involve the same transaction and the same parties remain in the suit." *S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974); *see also Marinich v. Special Edition Custom Homes, LLC*, 1 So. 3d 1197, 1199 (Fla. 2d DCA 2009) ("The test to determine whether counts of a multicount complaint are interrelated, so as to preclude a piecemeal appeal, is whether the counts arise from a set of common facts or a single transaction, not whether different legal theories or additional facts are involved in separate counts." (emphasis omitted) (quoting *Mass. Life Ins. Co. v. Crapo*, 918 So. 2d 393, 394 (Fla. 1st DCA 2006))). Thus, except for a partial final

judgment that disposes of an entire case as to any party, a partial final judgment that disposes of a claim that is interrelated with other claims that remain pending must be dismissed for lack of jurisdiction. *See Marinich*, 1 So. 3d at 1198, 1200.

The three counts in the amended complaint stem from the City's allegedly improper rezoning determinations, and the circuit court's ruling on Count III is interrelated with and impacts the remaining two counts. We therefore dismiss this appeal from the partial final judgment on Count III for lack of jurisdiction. We note, however, that because the partial final judgment is not an appealable final order, the City shall be "free to move for reconsideration of [this] order at any time prior to the entry of final judgment." *Proino Breakfast Club, II, Inc. v. OGI Cap., Inc.*, 331 So. 3d 846, 850 (Fla. 2d DCA 2021); *see also Gulf Power Co. v. Harper*, 940 So. 2d 535, 536-37 (Fla. 1st DCA 2006) (concluding that an order resolving a declaratory judgment claim, involving the same factual setting and parties, was "non-final and non-appealable" where other interrelated claims remained outstanding).

Appeal dismissed.

MORRIS and SLEET, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.