# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-180
Lower Tribunal No. 12-19098
_____


**Almacenes El Globo De Quito, S.A.,**
Appellant,

vs.

**Dalbeta L.C.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Sarah I. Zabel, Judge.

Sinclair, Louis & Zavertnik, P.A., and John L. Zavertnik; Guillermo F. Mascaró, for appellant.

Newman & Tempkins, P.A., and Harry Tempkins, for appellee.

Before EMAS, FERNANDEZ and SCALES, JJ.

SCALES, J.

Appellant, plaintiff/counter-defendant below, Almacenes El Globo De Quito, S.A. ("Appellant"), seeks review of a purported final judgment that cancelled and satisfied a promissory note executed by Appellee, defendant/counter-plaintiff/third-party plaintiff below, Dalbeta, L.C. ("Appellee"). We dismiss this premature appeal because issues and facts related to Appellee's pending counterclaim and third-party claim are intertwined with the claims and defenses raised in this appeal.

**I. Facts**

On September 9, 1996, Appellee executed a promissory note payable to Appellant. The principal amount of the note was $215,000, with interest to accrue at the rate of ten percent. According to the terms of the note, Appellee was required to make monthly $1,886.78 principal and interest payments to Appellant for thirty years (from October 9, 1996, through September 9, 2026).

The record reflects that Appellee made 158 installment payments under the promissory note through August of 2012. The Appellee made some of these payments to Appellant; the Appellee made many more of the payments directly to Appellant's principal shareholder, Antonio Dalmau (who was also a shareholder in Appellee); and, after Dalmau's death in 2005, Appellee made payments directly to Dalmau's heirs. Then, starting in January of 2008, Appellee made thirty-six payments to itself.

The record reflects that, approximately seven years after Dalmau's death, Dalmau's son, who was by then the president of Appellant, allegedly discovered the September 1996 promissory note and, in May of 2012, caused Appellant to file the instant lawsuit against Appellee. Appellant's complaint seeks damages for unpaid installment payments allegedly due on the promissory note through the date of filing of Appellant's complaint.[1]

Appellee answered Appellant's lawsuit, raising several affirmative defenses. Appellee also filed a counterclaim against Appellant and a third-party complaint against Dalmau's heirs. In these pleadings, Appellee asserts, among other things, that the promissory note did not memorialize a loan to Appellee. Rather, Dalmau's payment of $215,000 to Appellee was an investment in the business of Appellee.

Appellee's affirmative defenses reference, and purport to incorporate, allegations in Appellee's counterclaim and third-party claim. For example, the counterclaim alleges that the note is a nullity and seeks a declaration cancelling and voiding the note. The third-party claim alleges that Dalmau's heirs breached certain duties owed to Appellee; that those heirs would be unjustly enriched if Appellant recovered under the note; and that Appellee is entitled to equitable subrogation for amounts the heirs received from Appellee's prior payments on the note.

---

[1] The promissory note does not contain an acceleration provision.

Notwithstanding the evident intertwining of Appellee's counterclaim and third-party claim with Appellee's defenses to Appellant's action to recover under the promissory note, the trial court severed Appellant's action from Appellee's counterclaim and third-party claim. On July 10, 2014, the trial court held a bench trial, ostensibly and solely on Appellant's promissory note claim. Appellee's counterclaim and third-party claim remain subject to adjudication.

On November 17, 2014, the trial court entered a purported "Final Judgment" which, while not entirely clear, purports to decree, among other things, that (i) Appellant never made a loan to Appellee, (ii) Appellee was entitled to an offset against any amounts due on the promissory note, and (iii) the note is "SATISFIED AND CANCELLED."

Appellant brings this appeal of the trial court's November 17, 2014 order which carries the caption, "Final Judgment."

**II. Analysis**

While neither party challenged the jurisdiction of this Court to hear the instant appeal, or the "finality" of the trial court's November 17, 2014 order, we have an independent duty to determine whether we have appellate jurisdiction. Bloomgarden v. Mandel, 154 So. 3d 451, 453 (Fla. 3d DCA 2014).

Florida's district courts of appeal have appellate jurisdiction to review final orders of the circuit courts,[2] and certain specifically identified non-final orders of the circuit courts expressly prescribed in rule 9.130.[3] The parties agree and we conclude, that the order on appeal is not subject to appellate review as a non-final order pursuant to rule 9.130. Our jurisdictional analysis is therefore confined to whether the order on appeal is a "final" order, as contemplated in rule 9.030(b)(1)(A) (and in rule 9.110, which delineates the appellate process invoked pursuant to rule 9.030(b)(1)(A)).

For the purposes of appellate review, an order of the circuit court is "final" if it ends all judicial labor in the case. Miami-Dade Water and Sewer Auth. v. Metro. Dade Cty., 469 So. 2d 813 (Fla. 3d DCA 1985).

Rule 9.110(k)[4] allows for appellate review of final orders that can be characterized as "partial final judgments." Regardless of how the order on appeal in this case was captioned by the trial court or characterized by the parties, we

---

[2] Fla. R. App. P. 9.030(b)(1)(A).

[3] Fla. R. App. P. 9.030(b)(1)(B).

[4] In its entirety, this rule reads as follows: "Review of Partial Final Judgments. Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition." Fla. R. App. P. 9.110(k).

conclude that the order on appeal is not a "partial final judgment" under rule 9.110(k).[5]

There are claims remaining in the case that are yet to be adjudicated (for instance, Appellee's counterclaim against Appellant and Appellee's third-party claim against Dalmau's heirs). These outstanding claims are based upon the same set of facts as those adjudicated within the order on appeal.

Rule 9.110(k) provides for appellate jurisdiction to hear a partial final judgment only when the claims adjudicated by that order are separate and independent from the portion of the case still to be adjudicated. Jensen v. Whetstine, 985 So. 2d 1218, 1220 (Fla. 1st DCA 2008); see also Cicco v. Luckett Tobaccos, Inc., 934 So. 2d 560, 561 (Fla. 3d DCA 2006). If all claims arise from the same set of facts, an order resolving fewer than all of the counts is not appealable under Rule 9.110(k). GEICO Gen. Ins. Co. v. Pruitt, 122 So. 3d 484, 487 (Fla. 3d DCA 2013); Flinn v. Flinn, 68 So. 3d 424, 425 (Fla. 4th DCA 2011).[6]

---

[5] Despite neither party having raised the jurisdictional issue, we asked both parties to be prepared to discuss at oral argument this Court's jurisdiction. At oral argument, both parties characterized the order on appeal as a "partial final judgment" that is subject to appellate review under rule 9.110(k).

[6] Appellant cites as supplemental authority this Court's opinion in Rob-Cor, Inc. v. Ines, 512 So. 2d 320 (Fla. 3d DCA 1987), in support of appellate jurisdiction in this case. In Rob-Cor, however, this Court determined that the claims were "demonstrably distinct" and independent of each other. Here, the remaining claims

Plainly in this case, Appellant's claim on the promissory note and Appellee's defenses thereto, arise from the same set of facts as Appellee's counterclaim and third-party claim. Therefore, the trial court's order purportedly adjudicating Appellant's promissory note claim is not appealable under rule 9.110(k), and there exists no other basis for us to exercise jurisdiction to hear Appellant's appeal of that order.

Therefore, we dismiss the appeal.

Dismissed.

---

are based upon the same set of facts as, and are intertwined with, those claims adjudicated within the purported Final Judgment on the promissory note.