# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2270
Lower Tribunal No. 16-5467
_____

**Eugene Bardakjy,**
Appellant,

vs.

**Empire Investment Holdings, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Rafool, LLC, and David R. Hazouri, for appellant.

Waldman Barnett, P.L., and Glen H. Waldman and Benjamin L. Keime, for appellee.

Before FERNANDEZ, LOGUE and LINDSEY, JJ.

PER CURIAM.

This is before us on the motion of Appellee, Empire Investment Holdings,

LLC ("Empire"), to dismiss this appeal for lack of jurisdiction. In this appeal, Appellant, Eugene Bardakjy ("Bardakjy"), appeals the trial court's order entitled, Final Judgment Against Plaintiff, Eugene Bardakjy, on His Claim for Breach of Contract, entered in favor of Empire on Bardakjy's complaint for breach of contract. Empire's counterclaims for breach of fiduciary duty and unjust enrichment remain pending below. These counterclaims form the basis for Empire's motion to dismiss. Bardakjy argues in opposition to the motion to dismiss that Empire's counterclaims involve Bardakjy's alleged conduct as an employee of Empire prior to his resignation and, thus, involve two distinctly separate and independent transactions and occurrences.

In its amended counterclaim, Empire alleged that subsequent to Bardakjy's resignation, it learned that Bardakjy had committed acts of negligence and mismanagement with respect to the plan to redesign and reengineer one of the manufacturing lines at one of the plants (the "Manufacturing Line Conversion") and then concealed its complete failure from Empire. Empire allegedly discovered that the redesign and reengineering of the Manufacturing Line Conversion was fatally flawed from inception and that Bardakjy neither sought the consultation of others with the requisite expertise nor allowed anyone with such expertise who desired to participate to have a voice.

Empire claimed that Bardakjy breached his fiduciary duty to Empire by

2

failing to act in good faith and with the best interests of Empire when designing and implementing the Manufacturing Line Conversion, and by the reckless design and concealment of its failure. Empire further claimed that Bardakjy was unjustly enriched by receiving the severance package in light of his actions with respect to the Manufacturing Line Conversion. Upon learning of Bardakjy's failure to perform his duties with respect to the Manufacturing Line Conversion, Empire rescinded the severance package and ceased making payments to Bardakjy. Although Bardakjy's alleged misconduct was not discovered until his employment had terminated, it nonetheless involves conduct pre-termination.

Issues and facts related to Empire's pending counterclaims, which involve conduct by Bardakjy prior to his resignation that subsequently resulted in Empire's rescission of the severance package, are intertwined with the claims and defenses raised in this appeal. As such, we conclude that the order on appeal is not a "partial final judgment" under Florida Rule of Appellate Procedure 9.110(k) and, therefore, we dismiss this premature appeal. See Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 561-62 (Fla. 3d DCA 2015) (internal citations omitted) ("Rule 9.110(k) provides for appellate jurisdiction to hear a partial final judgment only when the claims adjudicated by that order are separate and independent from the portion of the case still to be adjudicated. If all claims arise from the same set of facts, an order resolving fewer than all of the counts is

not appealable under Rule 9.110(k).").

ORDERED that Empire's Motion to Dismiss Appeal for Lack of Jurisdiction is granted without prejudice to the parties' rights on appeal after the trial court enters a final judgment on the pending and interrelated counterclaims.