# Third District Court of Appeal

## State of Florida

Opinion filed December 12, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1568
Lower Tribunal No. 13-18060
_____

**Michael I. Libman,**
Appellant,

vs.

**Florida Wellness & Rehabilitation Center, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Law Offices of Michael I. Libman, P.A., and Michael I. Libman; Stuart B. Yanofsky, P.A., and Stuart B. Yanofsky (Plantation), for appellant.

Ricardo A. Banciella, P.A., and Ricardo A. Banciella, for appellees.

Before LAGOA, SCALES, and LINDSEY, JJ.

LAGOA, J.

ON MOTION TO DISMISS

Appellees Florida Wellness & Rehabilitation Center, Inc., Cereceda & Associates, D.C., P.A., Mark A. Cereceda, D.C., P.A., and Mark A. Cereceda, D.C. (collectively, "Appellees") move to dismiss Appellant Michael I. Libman's ("Libman") appeal of the trial court's order titled Final Summary Judgment Against Michael I. Libman. For the reasons set forth below, we dismiss the appeal for lack of jurisdiction.

Libman and Stuart Yanofsky ("Yanofsky"), both attorneys, filed a single-count first amended complaint against Appellees alleging breach of contract. The complaint alleged that between 2005 and 2009, Libman and Yanofsky entered into an oral contract with Appellees to bring suit against various insurance companies for monies due for medical services provided by Appellees. It was further alleged that the oral contract provided for the payment of attorney's fees by settlement or court award and that if Appellees decided to dismiss a case, discharge the attorneys, or otherwise not continue with a case, Appellees would be responsible for attorney's fees and costs. Finally, the complaint alleged that "without permission and consent" from Libman and Yanofsky, Appellees entered into a global settlement with an insurance company, circumventing their "right and entitlement to fees."

Appellees filed an answer, affirmative defenses, and counterclaims. Specifically, each appellee filed counterclaims against Libman for breach of fiduciary duty, disgorgement and/or forfeiture of attorney's fees, and legal

2

malpractice. Appellees subsequently filed a motion for summary judgment against Libman on the breach of contract claim. On June 28, 2018, the trial court entered an order titled "Final Summary Judgment Against Michael I. Libman," which stated that Appellees' "motion for Summary Judgment is hereby GRANTED" and dismissed Libman's amended complaint. Appellees' counterclaims against Libman were not a subject of the order and remain pending below. Libman subsequently appealed from the trial court's June 28 order.

Appellees filed a motion to dismiss the appeal, arguing that the order is not appealable under Florida Rule of Appellate Procedure 9.110(k), which allows for review of partial final judgments "that dispose[] of a separate and distinct cause of action that is not interdependent with other pleaded claims." Fla. R. App. P. 9.110(k).[1] Specifically, Appellees argue that the claims asserted in their still-

---

[1] In its entirety, rule 9.110(k) states:

> **(k) Review of Partial Final Judgments.** Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition.

pending counterclaims are interrelated with the breach of contract claim asserted in the amended complaint, and thus the appeal is premature.

As an initial matter, we note that the trial court's order merely grants Appellees' motion for summary judgment and does not contain language that enters judgment. "An order that merely grants a motion for summary judgment is not a final order. For an order to be final, it must constitute an entry of a judgment: it is the final judgment that is appealable, not an order simply granting a motion." Ball v. Genesis Outsourcing Sols., LLC, 174 So. 3d 498, 499 (Fla. 3d DCA 2015) (citation omitted); cf. HSBC Bank USA v. Buset, 216 So. 3d 701 (Fla. 3d DCA 2017) (finding portion of order granting motion for involuntary dismissal which contained language entering judgment to be appealable as a final order). We therefore lack jurisdiction to entertain an appeal from the trial court's order to the extent that it grants Appellees' motion for summary judgment.

Our analysis, however, does not end here because the trial court's order also dismissed Libman's amended complaint. A trial court's order dismissing a complaint may "be a final order for appeal purposes." Carnival Corp. v. Sargent, 690 So. 2d 660, 661 (Fla. 3d DCA 1997); see also Bd. of Cty. Comm'rs of Madison Cty. v. Grice, 438 So. 2d 392, 394 (Fla. 1983) ("An order on a motion to dismiss may not be final, but an order which actually dismisses the complaint is."). However, "[f]or a final order to be appealable as a 'partial final judgment' under

4

Rule 9.110(k) . . . that final order must be entirely independent from *other pleaded claims*." Herbits v. City of Miami, 197 So. 3d 575, 578 (Fla. 3d DCA 2016) (emphasis in original). "If all claims arise from the same set of facts, an order resolving fewer than all of the counts is not appealable under Rule 9.110(k)." Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 562 (Fla. 3d DCA 2015) (holding that the trial court's order purportedly adjudicating appellant's claim was not appealable under rule 9.110(k) as appellant's claim arose from the same set of facts as appellee's counterclaim and third party claim); see also Bardakjy v. Empire Inv. Holdings, LLC, 239 So. 3d 146 (Fla. 3d DCA 2018) (concluding that final judgment was not appealable under rule 9.110(k) and dismissing appeal as premature where issues and facts related to pending counterclaims were intertwined with claims and defenses raised in appeal); Skop v. P3 Grp., L.L.C., 67 So. 3d 1194 (Fla. 3d DCA 2011) (finding that the trial court's order dismissing second amended complaint was not a final appealable order because claims asserted in second amended complaint were "inextricably intertwined" with defendant's pending counterclaims).

Here, we find that the trial court's order is not a final appealable order under rule 9.110(k).[2] A review of the record shows that Libman's breach of contract claim

_____

[2] We note that whether the trial court's ruling is a "judgment" or "order" is not determinative of our analysis under rule 9.110(k). See De La Osa v. Wells Fargo

5

is inextricably intertwined with Appellees' still-pending counterclaims. Each counterclaim arises from the alleged oral agreement that formed the basis of Libman's breach of contract claim. In short, Libman's breach of contract claim is "interdependent with other pleaded claims," i.e., Appellee's counterclaims. It is well-established that "[p]iecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit." S. L. T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974). Accordingly, we grant Appellees' motion to dismiss the appeal for lack of jurisdiction. Our dismissal is without prejudice to any party's right to appeal from a subsequent final appealable order.

Appeal dismissed.

---

Bank, N.A., 208 So. 3d 259 (Fla. 3d DCA 2016) (en banc) (stating that the term "judgment" as used in the Florida Rules of Civil Procedure includes final "orders").