# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0024
Lower Tribunal No. 15-216
_____

**Marie G. Vital, Individually, and as Personal Representative of the
Estate of Gertrude B. Vital,**
Appellants,

vs.

**Summertree Village at the California
Club Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos
Guzman, Judge.

Marie G. Vital, in proper person, and for the Estate of Gertrude B. Vital,
appellants.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks, for appellee.

Before EMAS, SCALES and GORDO, JJ.

*On Partial Confession of Error*

SCALES, J.

Marie G. Vital (" Ms.Vital"), for herself and as personal representative of the estate of her mother, Gertrude B. Vital, appeals a series of orders and judgments related to a condominium lien foreclosure action initiated by appellee Summertree Condominium Association, Inc. ("Summertree").[1] Based on Summertree's partial confession of error, we reverse the foreclosure judgments[2] as having been entered prematurely; we affirm the challenged interlocutory orders underlying the final judgments of foreclosure; and dismiss, for lack of jurisdiction, that portion of Vital's appeal challenging an interlocutory order directed toward counts in Vital's counterclaim.

## I. Relevant Background

Ms. Vital purchased her Summertree condominium unit in 2007. In 2012, she began complaining to the Summertree property manager, the condominium association, and various governmental agencies that her unit was infested with mold due to a common area water leak. She also

---

[1] Only Ms. Vital owns the subject condominium unit and only Ms. Vital was named as the defendant in Summertree's foreclosure action. Both Ms. Vital and the estate, though, are counter-plaintiffs in their counterclaim against counter-defendant Summertree. We refer to Ms. Vital and the estate together as "Vital" when referencing their counterclaim.

[2] Although Summertree filed only one foreclosure case, for reasons not apparent from the record, the trial court entered duplicate, identical final judgments on December 3, 2019, and December 6, 2019.

complained that the unit flooded from seeping groundwater. Her complaints brought her no satisfaction so, in 2014, Ms. Vital ceased paying her monthly maintenance fee, and she did not pay a subsequent monthly special assessment.

In January 2015, Summertree filed a foreclosure action against Ms. Vital for the unpaid fees. Over the next fifteen months, Ms. Vital and Vital filed several responsive pleadings and counterclaims. On November 1, 2016, the trial court conducted a hearing on Summertree's motion to dismiss Vital's third amended counterclaim and to strike Ms. Vital's third amended affirmative defenses. The trial court entered two orders on November 1, 2016: (i) dismissing three of Ms. Vital's affirmative defenses, with prejudice (negligence, negligence of third parties, and impossibility of performance), while dismissing four other affirmative defenses, without prejudice, and allowing Ms. Vital twenty days to amend her pleading; and (ii) dismissing two counts of Vital's counterclaim, with prejudice (defamation and negligent retention of property manager), while dismissing two other counts of Vital's counterclaim, without prejudice, again allowing Vital twenty days to amend their pleading.[3]

---

[3] We note that, in the Notice of Appeal, Ms. Vital and Vital mis-identify one of these November 1, 2016 orders as a November 3, 2016 order.

Then, on November 3, 2016, after a hearing on Summertree's motion for summary judgment on its foreclosure claim, the trial court entered two additional orders. The trial court: (i) granted partial summary judgment in Summertree's favor concluding that Ms. Vital had failed to pay the monthly maintenance fees and special assessments, but specifically leaving for trial the determination of the amount Ms. Vital owed in these unpaid assessments (the "Partial Summary Judgment Order"); and (ii), on Summertree's *ore tenus* motion, entered an order severing, without prejudice, Vital's counterclaim from Summertree's foreclosure claim.

In July 2018, Ms. Vital and Vital filed their fourth amended answer and counterclaim. In this pleading, Ms. Vital asserted five affirmative defenses to Summertree's foreclosure claim: unclean hands, selective enforcement, promissory estoppel, fraud, and setoff; and Vital asserted six counterclaims against Summertree: breach of contract, negligence, intentional infliction of emotional distress, tortious interference with a contractual relationship, breach of implied covenants of good faith and fair dealing, and breach of fiduciary duty. On October 1, 2018, the trial court entered an omnibus order on outstanding motions (the "Omnibus Order"). In the Omnibus Order, the trial court dismissed certain counterclaims and struck certain affirmative defenses. Thus, after the various orders, what remains pending are Ms.

4

Vital's affirmative defenses – directed toward Summertree's foreclosure claim – of unclean hands and setoff and four counts of Vital's counterclaim against Summertree: Count I (breach of contract), Count II (negligence), Count III (intentional infliction of emotional distress), and Count IV (tortious interference with a contractual relationship).

Then, in December 2019, notwithstanding Ms. Vital's pending affirmative defenses, a successor trial judge entered what it characterized as "final" foreclosure judgments for Summertree purportedly ending the judicial labor involved with Summertree's foreclosure claim. The successor trial judge apparently adjudicated Summertree's pending motion for summary judgment without consideration of the surviving affirmative defenses of unclean hands and setoff. These judgments not only affixed damages and attorney's fees associated with Summertree's foreclosure claim, but also set a foreclosure sale date for Ms. Vital's condominium. This appeal timely followed.

**II. Analysis**

Ms. Vital and Vital appeal the final foreclosure judgments as well as several interlocutory orders. As described below, each of the challenged interlocutory orders relates either to: (i) Summertree's foreclosure claim against Ms. Vital, a claim that presumably was adjudicated with finality by

5

virtue of the final foreclosure judgments, or (ii) Vital's counterclaim. As our appellate jurisdiction is dependent upon the category under which each challenged order falls, we address each category of challenged order in turn, beginning with the final judgments of foreclosure.

A. Final judgments of foreclosure

Notwithstanding how the trial court characterized the final foreclosure judgments, they are not "final." They do not adjudicate with finality Summertree's foreclosure claim. Irrespective of whether Vital's counterclaims are permissive or compulsory,[4] the final foreclosure judgments do not adjudicate the pending affirmative defenses to Summertree's foreclosure claim and, therefore, judicial labor remains with regard to Summertree's foreclosure claim. Because these orders are not final, we ordinarily would not have appellate jurisdiction to review them. See Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 561-62 (Fla. 3d DCA 2015).

In this case, however, we do have appellate jurisdiction to review the challenged orders because they purport to adjudicate, with finality, Summertree's foreclosure claim. They are in the form of a final judgment,

---

[4] We express no opinion as to whether Vital's counterclaims are permissive or compulsory.

affix damages, are fully executable, and establish a foreclosure sale date. Indeed, if Ms. Vital had not appealed the orders, the foreclosure sale presumably would have ensued. Hence, as Summertree commendably and correctly concedes, we have appellate jurisdiction to review these orders, and we are compelled to reverse them. See Del Castillo v. Ralor Pharmacy, Inc., 512 So. 2d 315, 319 (Fla. 3d DCA 1987) ("[I]t is . . . improper to render an order in the *form* of an ordinary final money judgment, while contradictorily and simultaneously leaving an issue for future adjudication."); see also Surijon v. Zarria, 278 So. 3d 328, 329 (Fla. 3d DCA 2019); Baumann v. Intracoastal Pac. Ltd. P'ship, 619 So. 2d 403, 404 (Fla. 3d DCA 1993); Pointer Oil Co. v. Butler Aviation of Miami, Inc., 293 So. 2d 389, 390-91 (Fla. 3d DCA 1974).[5]

We therefore reverse the December 3, 2019, and December 6, 2019 final judgments of foreclosure.

B. Interlocutory orders related to final judgments of foreclosure

---

[5] We note that some courts, including this Court, have reviewed such prematurely entered orders under a certiorari, rather than an appellate, standard and have quashed, rather than reversed, the challenged orders. See e.g., Kratos Holdings, LLC v. Direct Invs. Int'l, LLC, 323 So. 3d 334, 336 (Fla. 3d DCA 2021); Am. Franchise Grp. LLC v. Gastone, 319 So. 3d 147, 150 (Fla. 3d DCA 2021); People's Tr. Ins. Co. v. Gonzalez, 318 So. 3d 583, 583 (Fla. 3d DCA 2021); East Ave., LLC v. Insignia Bank, 136 So. 3d 659, 665 (Fla. 2d DCA 2014). We express no opinion in this decision as to which is the better practice.

Because we have jurisdiction to review the final judgments of foreclosure, for the purposes of this proceeding, we treat the final judgments of foreclosure as "partial final judgments" under Florida Rule of Appellate Procedure 9.110(k) and, therefore, we necessarily have jurisdiction to review the several challenged interlocutory orders related to Summertree's foreclosure claim that are subsumed in those final foreclosure judgments. Fla. R. App. P. 9.110(k) ("The scope of review of a partial final judgment may include any ruling or matter occurring before filing of the notice of appeal so long as such ruling or matter is directly related to an aspect of the partial final judgment under review."). Specifically, we have appellate jurisdiction to review the following interlocutory orders challenged in Ms. Vital's initial brief:[6] (i) the November 1, 2016 order striking, with prejudice, Ms. Vital's affirmative defenses alleging negligence, negligence of third parties, and impossibility of performance; (ii) the November 3, 2016 order severing, without prejudice,

---

[6] While Ms. Vital and Vital's Notice of Appeal identifies (and attaches) the Omnibus Order as a challenged order, their initial brief contains no argument directed toward any of the rulings contained in the Omnibus Order. Therefore, Ms. Vital has waived any arguments she might have directed to those portions of the Omnibus Order related to Summertree's foreclosure claim. See V.T. v. Liberty Dental Plan of Fla., Inc., 338 So. 3d 989, 990 (Fla. 3d DCA 2022); Tillery v. Fla. Dep't of Juvenile Justice,104 So. 3d 1253, 1255-56 (Fla. 1st DCA 2013).

8

appellee's foreclosure claim from Vital's counterclaim; and (iii) the Partial Summary Judgment Order.

Without further discussion or elaboration, we affirm these challenged interlocutory orders related to Summertree's foreclosure claim.[7]

C. Interlocutory orders related to Vital's counterclaim

Finally, in the initial brief, Vital also seeks appellate review of the trial court's November 1, 2016 interlocutory order that struck Vital's claims (in the third amended counterclaim) of defamation and negligent hiring.[8]  We lack appellate jurisdiction to review this interlocutory order directed toward counts contained in Vital's pending counterclaim. Almacenes El Globo de Quito,

---

[7] With regard to the Partial Summary Judgment Order, it bears noting that we affirm those portions of the order that find it to be "undisputed that Defendant failed to pay her regular and special assessments," and that the amount of such assessments "is at issue and will be determined at trial." Because Vital's unclean hands and setoff affirmative defenses remain to be litigated, this order does not constitute a partial summary judgment of Summertree's foreclosure claim as to either liability or damages.

[8] As we suggested in footnote 6, *supra*, there is a contradiction between Ms. Vital and Vital's Notice of Appeal and their briefing. The Omnibus Order is identified as a challenged order in the Notice of Appeal, yet the initial brief contains no argument directed toward the Omnibus Order. While, as noted in footnote 6, Ms. Vital has waived unargued challenges to those portions of the Omnibus Order directed toward Summertree's foreclosure action, Vital has not waived the ability to appeal those portions of the Omnibus Order adjudicating interlocutory issues related to Vital's counterclaim. Such challenges ripen only upon a final adjudication of Vital's counterclaim.

S.A., 181 So. 3d at 561-62. We, therefore, dismiss Vital's appeal to the extent that Vital seeks review of this order, and express no opinion as to whether the order was properly entered.

Affirmed in part, reversed in part, dismissed in part.