IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


COAST TO COAST PROCESS PIPING, LLC,

     Appellant,

v.

                                         Case No. 5D22-291
                                         LT Case No. 2020-CA-002701

LIQUID CONSULTING, INC.,

     Appellee.
_____/

Opinion filed November 14, 2022

Appeal from the Circuit Court
for Seminole County,
Christopher Sprysenski, Judge.

Sara Howeller, of Law Office of Sara
Howeller, Sanford, for Appellant.

Tim W. Sobczak, of Dean, Mead,
Egerton, Bloodworth, Capouano &
Bozarth, P.A., Orlando, for Appellee.


LAMBERT, C.J.

     Coast to Coast Process Piping, LLC, ("Coast to Coast"), which was

the plaintiff below, appeals the order granting final summary judgment

entered against it and in favor of the appellee, Liquid Consulting, Inc., ("Liquid Consulting") on Coast to Coast's breach of contract action. Although neither party has questioned the "finality" of the order before us, our record shows that there remains pending before the trial court a counterclaim filed by Liquid Consulting against Coast to Coast seeking, among other things, damages for breach of the same contract. As it is clear to us that the counterclaim is a compulsory counterclaim under Florida Rule of Civil Procedure 1.170(a), we conclude that we lack jurisdiction under Florida Rule of Appellate Procedure 9.110(k) to presently consider this appeal. *See S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974) ("Piecemeal appeals will not be permitted where claims are interrelated and involve the same transaction and the same parties remain in the suit."); *Almacenes El Globo De Quito, S.A. v. Dalbeta L.C.*, 181 So. 3d 559, 561–62 (Fla. 3d DCA 2015) (dismissing appeal for lack of jurisdiction as premature where issues and facts related to the appellee's pending counterclaim were intertwined with the claims and defenses raised in the appeal); *City of Haines City v. Allen*, 509 So. 2d 982, 983 (Fla. 2d DCA 1987) ("If the counterclaim is compulsory, the disposition of it or the main claim cannot be appealed until

both have been disposed of." (citing *Taussig v. Ins. Co. of N. Am.*, 301 So. 2d 21, 23 (Fla. 2d DCA 1974))).  Accordingly, we dismiss this appeal.[1]

APPEAL DISMISSED.

EDWARDS and EISNAUGLE, JJ., concur.

---

[1] We acknowledge that neither party has raised the issue of the jurisdiction of this court to hear this appeal.  Nevertheless, "we have an independent duty to determine whether we have appellate jurisdiction." *Almacenes*, 181 So. 3d at 561 (citing *Bloomgarden v. Mandel*, 154 So. 3d 451, 453 (Fla. 3d DCA 2014)).