# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-3224
_____

MEDVEND, LLC,

    Appellant,

    v.

INNOVATIONS AVOCARE, LLC
d/b/a Avocare, a Florida limited
liability company, et al.,

    Appellees.

_____


On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.


November 27, 2024


PER CURIAM.

The order appealed grants sanctions and dismisses Appellant's case for fraud on the court. The order reserves jurisdiction for the consideration of fees and costs and directs the clerk to close the file. The order does not, however, address the Appellees/Defendants' counterclaims that closely relate to the dismissed claims. We conclude that the order is not a final order, an appealable nonfinal order for purposes of Florida Rule of Appellate Procedure 9.130, nor a partial final judgment under Rule 9.110(k). *See, e.g.*, *Jensen v. Whetstine*, 985 So. 2d 1218, 1220 (Fla. 1st DCA 2008) (dismissing appeal where the dismissed claim involved the same parties and underlying facts as claims that

remained pending); *Libman v. Fla. Wellness & Rehab. Ctr., Inc.*, 260 So. 3d 515, 517-18 (Fla. 3d DCA 2018) (concluding that an order granting summary judgment on the only claim was not a partial final judgment because related counterclaims remained pending). While we understand the confusion surrounding the trial court's direction to close the file, this action does not resolve Appellees' pending counterclaims. Presumably, Appellees could have the court reopen the closed file on the counterclaims at any point. Closing a case file in which there are pending unaddressed counterclaims does not constitute a final disposition. *Cf., Gomez v. Tamiami Youth Basketball, Inc.*, 49 Fla. L. Weekly D1705 (Fla. 3d DCA Aug. 14, 2024) (concluding that the trial court erred by not reopening a case file where claims and counterclaims remained pending after the dismissal of some parties and claims).

DISMISSED.

OSTERHAUS, C.J., and B.L. THOMAS and KELSEY, JJ., concur.

—————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————

Jan Jeffrey Rubinstein of The Rubinstein Law Firm, Farmington Hills, MI, for Appellant.

Jaken Everette Roane of Guilday Law, P.A., Tallahassee, for Appellees.