# Third District Court of Appeal

## State of Florida

Opinion filed August 13, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

Nos. 3D23-1512 & 3D23-1992
Lower Tribunal No. 21-10716

————————————

**Elvis Cruz,**
Appellant,

vs.

**5101 RE CO, LLC,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

David J. Winker, P.A., and David J. Winker, for appellant.

Boies Schiller Flexner LLP, and Bruce A. Weil and Laselve E. Harrison, for appellee.

Before SCALES, C.J., and EMAS and LOGUE, JJ.

SCALES, C.J.

In this consolidated appeal, appellant Elvis Cruz ("Cruz") seeks review of a June 14, 2023 summary judgment order (Case No. 3D23-1512) and a November 1, 2023 order awarding attorney's fees and costs (Case No. 3D23-1992), both in favor of appellee 5101 RE CO, LLC (the "Developer").[1] We dismiss the appeal in Case No. 3D23-1512 for lack of jurisdiction. We treat the appeal in Case No. 3D23-1992 as a petition for writ of certiorari, grant the petition, and quash the fee order.

Case No. 3D23-1512

On May 5, 2021, Cruz filed a complaint against the City of Miami and the Developer, arising from a dispute about the redevelopment of an historic building in Miami. Cruz was a member of a neighborhood civic association that had sought the preservation of the property and had entered into a settlement agreement with the City of Miami and the Developer. In his complaint, Cruz alleged, among other things, that the City of Miami and the Developer breached the settlement agreement when, under City permit, the Developer demolished the building. Cruz sought both nominal and actual damages. In its June 14, 2023 order granting summary judgment, the trial court ruled that Cruz was not entitled to damages.

---

[1] Previously, we consolidated the two cases for the purposes of traveling together so that they would be adjudicated by the same panel. We now, *sua sponte*, consolidate the cases under Case No. 3D23-1512 for all purposes.

2

The Developer's December 20, 2021 answer to Cruz's complaint asserted a counterclaim, which alleged that the Developer did not breach the settlement agreement by demolishing the building and that, indeed, Cruz breached the settlement agreement by interfering with the proposed redevelopment. Notwithstanding that the adjudication of the Developer's counterclaim remains pending, Cruz appealed the trial court's June 14, 2023 summary judgment order.

The Developer filed a motion to dismiss Cruz's appeal for lack of jurisdiction, which this Court deferred until the completion of briefing. In its motion to dismiss, the Developer maintained that the summary judgment order did not constitute a final, appealable order under Florida Rule of Appellate Procedure 9.110(k)[2] because issues that remain to be litigated

---

[2] Rule 9.110(k) provides, in relevant part, as follows:

> **Review of Partial Final Judgments**. Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition.

Fla. R. App. P. 9.110(k).

3

involving the Developer's counterclaim are inextricably intertwined with issues related to the challenged summary judgment order.

We agree and dismiss Cruz's appeal of the summary judgment order for lack of jurisdiction. See Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 562 (Fla. 3d DCA 2015) ("[W]e conclude that the order on appeal is not a 'partial final judgment' under rule 9.110(k). There are claims remaining in this case that are yet to be adjudicated (for instance, Appellee's counterclaim against Appellant . . . ). These outstanding claims are based upon the same set of facts as those adjudicated within the order on appeal."); see also Bardakjy v. Empire Inv. Holdings, LLC, 239 So. 3d 146, 147 (Fla. 3d DCA 2018) (holding that an order on appeal is not an appealable partial final judgment when claims and counterclaims are "intertwined").

Case No. 3D23-1992

After the trial court entered the summary judgment order, it entered a November 1, 2023 order awarding the Developer, as prevailing party, $128,476.00 in attorney's fees and $8,135.00 in costs. The trial court's November 1, 2023 fee order contains language allowing the Developer to immediately execute on the order's monetary award, as if it were a final judgment. Cruz separately appealed this fee order.

4

Pursuant to Florida Rule of Appellate Procedure 9.040(c), we treat Cruz's appeal of this order as a petition for writ of certiorari, grant the petition, and quash the fee order. See Grozdanovic v. Alliance RE Holdings, LLC, 388 So. 3d 171, 172 (Fla. 3d DCA 2023). An order requiring a party to make a payment while leaving intertwined factual matters unresolved results in irreparable harm warranting certiorari relief. See Dejanovic v. Block, 388 So. 3d 907, 909 (Fla. 3d DCA 2024).

Appeal of summary judgment order dismissed; fee order quashed.[3]

---

[3] We express no opinion on the merits of Cruz's challenge to either appealed order.